IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC LANGE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 5:15-cv-00859-JRA |
| | ) | |
| vs. | ) | JUDGE ADAMS |
| | ) | MAG. JUDGE LIMBERT |
| CORNWELL QUALITY TOOLS CO. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR SANCTIONS**

Nothing can usefully be added to the explanation of the standards for analysis of a motion for sanctions under Fed. R. Civ. P. 11(b) and (c) that this Court and the Sixth Circuit Court of Appeals set out in *Huntsman v. Perry Local Schools Bd. of Educ.*, 2008 WL 5146546 (Not Reported in F.Supp.2d) (USDC NDOH, 2008), *affd.* 379 Fed.Appx. 456 (Sixth Cir. 2010). See also, *Trans Rail America, Inc. v. Hubbard Twp.*, 2012 WL 4483738 (Not Reported in F.Supp.2d) (USDC, NDOH 2012) and *Hy-Ko Products Co. v. Hillman Group, Inc.*, 2012 WL 892560 (Not Reported in F.Supp.2d) (USDC NDOH 2012)(sanctions not imposed).

This case is moreover directly analogous to *Huntsman*, in which the filing of the federal action notwithstanding previous adverse state court determinations was one of the reasons for dismissal and the imposition of sanctions. Plaintiffs' Opposition to the Motion to Dismiss offered no unexpected reason not to file this motion for sanctions. Plaintiffs' contention is untenable, to put it charitably, that a voluntary dismissal voids two final Ohio appellate court decisions that there must be a stay for arbitration (thus foreclosing any court litigation of the merits).

1

Plaintiffs' counsel had to have known that their federal Complaint was barred. It was objectively unreasonable for them not to have known it. But they proceeded nonetheless, even after Cornwell's counsel gave prompt and repeated warning. It is worth noting that Plaintiffs' lead counsel has previously violated established standards of practice, so that the present situation is not an isolated lapse. *Disciplinary Counsel v. Shimko,* 2012-Ohio-5694 (Ohio S.Ct.); *Disciplinary Counsel v. Shimko*, 2009 Ohio 6879 (Ohio S.Ct.)(imposing parallel sanctions to those imposed *In the Matter of Timothy A. Shimko*, 2009 Ariz. LEXIS 154 (Ariz. S.Ct.)(Not reported in P.2d), pursuant to the related decision in *Shimko v. Goldfarb*, 2008 WL 4277602 (USDC D.AZ)(Not reported in Fed. Supp. 2d)); *In re Flexible Artcraft Graphics Unlimited, Inc.*, 74 B.R. 917 (1987).

The procedural requirements of Fed. R. Civ. P. 11(c) were met by the service of this motion on Plaintiffs' counsel on June 23, 2015, more than twenty-one days before its filing (with non-substantive changes in the present filed version to reflect the leave granted to file the Opposition). A letter giving notice of the violation and requesting withdrawal was moreover sent just after the Complaint was filed, to no effect.

A judgment for attorney fees is the appropriate sanction. As set forth in the attached Declaration of Cornwell's counsel, the 30 hours of work on the Motion to Dismiss and this motion has been efficient. At the rate of $250.00 per hour, which is reasonable for Northeast Ohio, judgment should be entered against Plaintiffs' counsel in the amount of $7,500.00. A hearing on a motion for sanctions is not necessarily required. *Hy-Ko, supra*, at *5.

Respectfully submitted,

**RODERICK LINTON BELFANCE, LLP**
/s/ Robert M. Gippin
Robert M. Gippin (Ohio#0023478)
50 S. Main St., 10th Floor
Akron, Ohio 44308
Telephone No. (330) 315-3400(direct)
Facsimile No. (330) 434-9220(fax)
Rgippin@rlbllp.com

## **CERTIFICATION OF LOCAL RULE 7.1(f) COMPLIANCE**

This case has not yet been assigned a track. This memorandum adheres to the page limitation for unassigned cases.

/s/ Robert M. Gippin
Robert M. Gippin (Ohio #0023478)

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Memorandum was served by filing on the Court's ECF system this 16th day of July, 2015, which will provide a copy to all parties of record.

/s/ Robert M. Gippin
Robert M. Gippin (Ohio #0023478)