UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eric Lange, et al., | ) | CASE NO: 5:15CV859 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Cornwell Quality Tool Co., Inc., | ) | (Resolving Docs. 6 and 11) |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Cornwell Quality Tool Co., Inc.'s motion to dismiss the complaint (Doc. 6). Cornwell has also filed a motion for sanctions. Plaintiffs have opposed both motions. Both motions are GRANTED.

**I. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

>complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

Herein, the motion to dismiss also presents an alternative argument – requesting that the Court stay the matter pending arbitration. In reviewing the pending motion, this Court "must determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir. 2008). The Court is mindful in its analysis that in passing the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, Congress' "preeminent concern" was to

enforce private agreements to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Furthermore, in resolving the issue, this Court must consider that there is "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

**II. Facts**

In January of 2010, Plaintiffs filed suit against Cornwell in the Summit County Court of Common Pleas, raising the same substantive allegations contained herein. Cornwell moved to stay that first complaint, asserting that its claims were subject to binding arbitration. The trial court denied that motion, and Cornwell appealed. In resolving the appeal, the state appellate court reasoned:

> All of these claims stem from the formation of the contract and the contractual relationship whereby plaintiffs became franchisees of Cornwell. Therefore, in order to prevail, the plaintiffs would have to refer to the franchise agreement and the process of creating that agreement. As the action cannot be maintained without reference to the contract between the parties, it falls within the broad scope of the arbitration agreement.

*Bachrach v. Cornwell Quality Tool Co.*, 2011 WL 2040865, at *7 (Ohio Ct. App. May 25, 2011).

Following that reversal, the parties commenced arbitration proceedings. At the outset, Plaintiffs sought class arbitration. Cornwell opposed the demand, asserting that the arbitrator lacked the authority to determine whether the matter could proceed as class arbitration. The arbitration panel disagreed and issued a Clause Construction Award. Cornwell challenged that Award through a counterclaim in the state case. The trial court found no merit in Cornwell's argument, and Cornwell appealed. In the second appeal, the state appellate court found that the trial court was the proper entity to determine

3

whether class arbitration was permissible. At the same time, the appellate court found no merit in Plaintiff's cross-assignment of error that requested that the arbitration stay be lifted.

> This Court previously held that Bachrach's claims fall "within the broad scope of the arbitration agreement." *Bachrach*, 2011–Ohio–2498, at ¶ 25. The claims, therefore, must be arbitrated and may not be litigated. *See id.* at ¶ 22–25. As discussed above, the issue of whether the arbitration may proceed as a class or must be done individually is a question that must be addressed by the trial court. Because Bachrach's claims fall within the scope of the arbitration agreement, they may not litigate their claims. Bachrach's sole assignment of error, asking this Court to vacate the stay pending arbitration and reinstate the case for litigation, is overruled.

*Bachrach v. Cornwell Quality Tools Co., Inc.*, 2014 WL 7454687, at *4 (Ohio Ct. App. Dec. 31, 2014).

Following that reversal, Plaintiffs then sought to voluntarily dismiss the state court complaint without prejudice. Over Cornwell's objection, the state court complaint was dismissed. On May 1, 2015, Plaintiffs filed the instant complaint, raising the same claims that were contained in the state court complaint. Cornwell has moved to dismiss the complaint, effectively arguing that the prior state court determinations are dispositive. Plaintiffs have opposed the motion.

**III. Analysis**

Cornwell contends that res judicata and issue preclusion warrant dismissal. Plaintiffs assert that a lack of final judgment in the state court action allows them to pursue the current action. The Court now resolves the parties' arguments.

The full faith and credit statute, 28 U.S.C. § 1738, requires this Court to accord a state court judgment the same preclusive effect the judgment would have in a state court. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Migra v.*

4

*Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 703 (6th Cir.1999). Under Ohio law, "[t]he doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Township*, 653 N.E.2d 226, 228 (Ohio 1995). As the Sixth Circuit explained in *Fordu*:

> Claim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Fordu*, 201 F.3d at 703–04 (citing *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997) (citing *Felder v. Cmty. Mut. Ins. Co.*, No. 96–3320, 1997 WL 160373, at *3–4 (6th Cir. April 4, 1997))). "Issue preclusion precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffmann–LaRoche, Inc.*, 685 N.E.2d 529, 533 (Ohio 1997). The doctrine applies when a fact or issue: "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 183, 637 N.E.2d 917, 923 (Ohio 1994).

Plaintiffs argue at length that "[t]his Court is empowered to take a fresh look at the issue of class litigation vis-a-vis class arbitration in light of Cornwell's current posture that there is no agreement supporting class arbitration." Doc. 10 at 11. Plaintiffs assert that because no court has ever adjudicated the underlying merits of their claims, res judicata and issue preclusion cannot be utilized in this matter. The Court finds no merit in these claims.

5

First, the Court believes that a final judgment on the merits has been entered. The Court acknowledges that the merits of the underlying claims have not been adjudicated.  However, the merits of Plaintiffs' argument that their claims are not required to be arbitrated have been fully and fairly adjudicated.  On two separate occasions, the Ohio appellate court issued final determinations on the issue of whether Plaintiffs' claims were subject to arbitration.  Revisiting that issue in this Court would undermine both comity and finality.  Accordingly, this Court declines to do so.

The Sixth Circuit has noted that "we will not permit a plaintiff to abandon his failing state court suit and file a virtually identical suit in federal court in hopes of achieving a more favorable result."  *Birgel v. Bd. of Comm'rs of Butler Cty.*, Ohio, 125 F.3d 948, 952 (6th Cir. 1997).  Regardless of whether this Court employs the terminology res judicata, issue preclusion, or law of the case, the result remains the same.

> Basically, the plaintiff argues that the law of the case established in a state court should not bind a federal district court sitting in diversity. This proposition is erroneous. The Supreme Court has clearly stated its support for applying law of the case doctrine.... The doctrine applies where a competent court has decided a rule of law and that issue is raised in subsequent stages of the same case, especially where the parties have had a full and fair opportunity to litigate. In general, the Court justifies application of law of the case doctrine because its application conserves judicial resources, saves adversaries from the expense and vexation of multiple lawsuits, and reduces the possibility of inconsistent opinions.
>
> These reasons justify application of the doctrine of law of the case to the case at bar. The case has involved extensive discovery at the state court level, was heard, and then appealed to the state appellate court. Upon remand, the case was further litigated, until plaintiff voluntarily withdrew her case and filed the same action in the state court of another county.
>
> ....
>
> While a reviewing federal court may reopen issues of law decided by a state court if the federal court is satisfied that the state court made a mistake in interpreting state law, we find no indication that the Ohio

>appellate court so erred in this case. Accordingly, we hold that the district court correctly accepted the findings of the Ohio appellate court and limited the issues at trial to those remanded by that court.

*Ellison v. Empire General Life Ins. Co.*, 919 F.2d 140, at *2 (6th Cir. 1990)(table decision); *see also United States v. Todd*, 920 F.2d 399 (6th Cir. 1990) (holding that the law of the case doctrine can be applied to rulings made in a matter ending in mistrial to ensure judicial efficiency).

Plaintiffs have offered no valid reason to revisit the two final state court appellate judgments. Plaintiffs' lone assertion on this issue appears to be that the state court failed to recognize that Cornwell should have been judicially estopped from raising certain arguments based upon its prior conduct in the litigation. Plaintiffs, however, litigated and lost this issue in the second state court appeal. As such, this Court once again finds that Plaintiffs had a full and fair opportunity to litigate the matter and that the law of the case doctrine supports a determination by this Court that the matter has been fully and finally resolved.

Based upon the above, it is clear that Plaintiffs have not filed a claim upon which this Court can grant relief. A singular issue remained before the state court at the time of dismissal: whether or not class arbitration was available. Plaintiffs have not asked this Court to resolve the issue, instead attempting to evade the legal conclusions reached twice by the state appellate court. Accordingly, the complaint is hereby dismissed for failing to state a claim upon which relief can be granted.

Next, the Court turns to Cornwell's request for sanctions. As to the availability of Rule 11 sanctions, the rule affords this Court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper

7

purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support. See Fed.R.Civ.P. 11(b)(1) through (3). In all Rule 11 motions, the test for whether sanctions are warranted is whether the conduct for which sanctions are sought "was 'reasonable under the circumstances.'" *Salkil v. Mt. Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)).

Herein, the Court can find no reasonable basis for Plaintiffs' complaint. Again, the Court is not reaching the underlying merits of the claims raised by Plaintiffs, but rather addressing Plaintiffs' choice of forum. After twice receiving unfavorable final judgments from the state appellate court, both of which mandate arbitration, Plaintiffs still sought a judicial forum for their claims. As noted above, Plaintiffs did so without any colorable argument to suggest that this Court had the authority to revisit the issues and should exercise its discretion in so doing.

"The heart of Rule 11 is sentence [5], which explains in detail the message conveyed by the signing of a document. A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Bus. Guides, Inc. v. Chromatic Comm'ns Enterprises, Inc.*, 498 U.S. 533, 542 (1991). Herein, that standard has not been met. While lobbing accusations that Cornwell has acted with impropriety[1], Plaintiffs' counsel ignored whether those claims had previously been adjudicated. While arguing time and again that Cornwell has engaged in tactics to delay the ultimate resolution of the underlying claims plead in the

---

[1] From the pleadings before this Court, it does appear that Cornwell changed its litigation stance on several occasions with respect to the availability of class arbitration. That issue, however, was fully and fairly litigated within the second state appellate decision.

8

state court and in this matter, Plaintiffs' counsel ignored that the *forum* in which to present those claims has been conclusively established – arbitration. A singular issue remained for judicial consideration, but Plaintiffs' counsel declined to present that issue to the state court or to this Court in the pending complaint. Accordingly, the Court can find no reasonable basis in law for filing the complaint.

As to the amount of sanctions, the filing of the complaint led to a 14-page motion to dismiss and a 3-page motion for sanctions. Given the relatively straightforward legal and factual arguments, the Court cannot agree that the requested sanctions (compensation for 30 hours of attorney time at $250 per hour) are reasonable or necessary. The Court finds that an award of $4,000 is sufficient to both punish and deter the filing of this frivolous complaint and to compensate Defendants for the cost of legal fees incurred in achieving dismissal. Accordingly, sanctions are awarded against Plaintffs' counsel Timothy Shimko, the signatory of the complaint, in the amount of $4,000.

## IV. Conclusion

Cornwell's motion to dismiss is GRANTED. The complaint is hereby dismissed without prejudice to its underlying merits. The motion for sanctions is hereby GRANTED, and sanctions in the amount of $4,000 are hereby awarded against Plaintiffs' counsel Timothy Shimko.

IT IS SO ORDERED.

December 31, 2015            ____/s/ Judge John R. Adams_____
Date            JUDGE JOHN R. ADAMS
           UNITED STATES DISTRICT COURT